STATE OF NORTH CAROLINA, v. JONATHAN W. QUICK

No. COA04-1067

(Filed 3 October 2006)

## 1. Probation and Parole— revocation—waiver of right to counsel

Defendant knowingly and voluntarily waived his right to appointed counsel for a probation revocation hearing by signing a waiver and indicating to the court that he was going to hire his own attorney. He forfeited his right to proceed with the counsel of his choice by not retaining counsel over roughly eight months, which amounted to an obstruction and delay of the proceedings.

## 2. Probation and Parole— revocation hearing—transcript missing—no prejudice shown

Defendant did not show prejudice from the missing transcript of a probation revocation hearing where he generally asserted prejudice, but did not argue specifics and did not submit in the record a narration of the testimony.

Appeal by defendant from judgment entered 30 March 2004 by Judge Judson D. DeRamus in Guilford County Superior Court. Heard in the Court of Appeals 21 August 2006.

*Roy Cooper, Attorney General, by Assistant Attorney General Stormie D. Forte, for the State.*

*Hunter, Higgins, Miles, Elam, and Benjamin, PLLC, by Lisa Johnson-Tonkins, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant appeals the revocation of his probation and the activation of his suspended sentence during the 29 March 2004 Criminal Session of Superior Court, Guilford County. The record indicates that on 7 December 1998, defendant entered a guilty plea to the charge of embezzlement. The trial court sentenced defendant to a minimum term of six months and a maximum term of eight months. The sentence was suspended and defendant was placed on sixty months supervised probation. On 10 December 2001, defendant was appointed counsel out of the public defender's office to represent him on allegations of a probation violation. Shortly thereafter, defendant was

found in violation of his probation. The trial court continued defendant on probation with modified conditions. On 11 June 2003, defendant's probation officer prepared a violation report. The report alleged a failure to complete community service, a failure to appear and report to the probation officer for four months and a failure to pay costs and restitution. On 2 September 2003, defendant appeared in court and signed a waiver of his right to assigned counsel. The matter was initially set for 6 October 2003. The record is silent as to subsequent hearing dates until 1 March 2004. Defendant failed to appear on this date and an order for arrest was issued. On 29 March 2004, the order for arrest was recalled and the matter was held open until 30 March 2004. On 30 March 2004, defendant appeared *pro se* for a hearing on his probation violation. The trial court found defendant in violation of a valid condition of his probation and activated the suspended sentence. By and through counsel, the defendant filed a Motion for Reconsideration of the order entered and a Motion for Appropriate Relief. Both motions were denied.

After filing timely notice of appeal, defendant requested a copy of the transcript from the 30 March 2004 hearing. The court reporter was unable to locate her notes from the hearing. Although the notes were later found, the record on appeal was settled and filed without a verbatim transcript of the revocation hearing.

I.

[1] Defendant contends that his waiver was not knowingly and voluntarily made and that he was effectively denied the assistance of counsel. In North Carolina, a defendant has the right to counsel at a probation revocation hearing. N.C. Gen. Stat. § 15A-1345(e) (2003) (indicating that "[t]he probationer is entitled to be represented by counsel at the hearing and, if indigent, to have counsel appointed."). A waiver of the right to counsel must be expressed "clearly and unequivocally." *State v. Carter*, 338 N.C. 569, 581, 451 S.E.2d 157, 163 (1994). Further, a trial court must inquire as to whether defendant's waiver of the right to counsel is made knowingly, intelligently and voluntarily. *State v. Hyatt*, 132 N.C. App. 697, 702, 513 S.E.2d 90, 94 (1999). N.C.G.S § 15A-1242 provides guidelines to the trial judge as to the necessary inquiry before a defendant may waive his right to counsel:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after

the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (2003).

Compliance with the requirements of N.C.G.S. § 15A-1242 has been held to fully satisfy the constitutional guarantee that waivers of counsel are knowing and voluntary. *State v. Thacker*, 301 N.C. 348, 355, 271 S.E.2d 252, 256 (1980). When a written waiver has been signed by the defendant and certified by the court, this Court must presume the waiver of counsel was knowing, intelligent and voluntary unless the record indicates otherwise. *State v. Evans*, 153 N.C. App. 313, 315, 569 S.E.2d 673, 675 (2002); *State v. Warren*, 82 N.C. App. 84, 89, 345 S.E.2d 437, 441 (1986). Once given, "a waiver of counsel is good and sufficient until the proceedings are terminated or until the defendant makes known to the court that he desires to withdraw the waiver and have counsel assigned to him." *State v. Sexton*, 141 N.C. App. 344, 346-47, 539 S.E.2d 675, 676 (2000) (quoting *State v. Hyatt*, 132 N.C. App. 697, 700, 513 S.E.2d 90, 93 (1999)). A written waiver, however, is not a substitute for actual compliance with N.C.G.S. § 15A-1242. *Hyatt*, 132 N.C. App. at 703, 513 S.E.2d at 94 (1999).

If an indigent defendant proceeds with private counsel, he loses the right to appointed counsel. *State v. Montgomery*, 138 N.C. App. 521, 524, 530 S.E.2d 66, 69 (2000). As to the retention of private counsel, "[a] defendant must be granted a reasonable time in which to obtain counsel of his own choosing, and must be granted a continuance to obtain counsel of his choosing where, through no fault of his own, he is without counsel." *Id.*, 530 S.E.2d at 68. A defendant may lose his constitutional right to be represented by the counsel of his choice when the right to counsel is perverted for the purpose of obstructing and delaying a trial. *Id.*, 530 S.E.2d at 69 (citing *State v. McFadden*, 292 N.C. 609, 616, 234 S.E.2d 742, 747 (1977)). Any willful actions on the part of the defendant that result in the absence of

defense counsel constitutes a forfeiture of the right to counsel. *Montgomery*, 138 N.C. App. at 524, 530 S.E.2d at 69.

On 2 September 2003, defendant signed a waiver, forgoing his right to court appointed counsel. At that time, defendant indicated to the court that he was going to hire his own attorney.

THE COURT: All right. Did you say your pleasure was to hire your own attorney?

THE DEFENDANT: Yes, sir.

THE COURT: You're not going to ask for a court-appointed attorney?

THE DEFENDANT: No, sir.

THE COURT: Raise your right hand. Do you affirm you wish to waive your right to a court-appointed attorney, and that's your solemn affirmation?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Let him sign a waiver.

With the written waiver arises the presumption defendant knowingly and voluntarily waived his right to court-appointed counsel. *See State v. Evans*, 153 N.C. App. 313, 315, 569 S.E.2d 673, 675 (2002). Nothing within the record rebuts this presumption. In addition, the record does not indicate that defendant attempted to withdraw his waiver of appointed counsel.

Thereafter, defendant had nearly eight months within which to retain private counsel. During the proceeding on 29 March 2004, the trial court inquired into the status of defendant's counsel. Defendant indicated he was unsure as to his attorney's schedule. At the hearing on the Motion for Reconsideration of the order entered and the Motion for Appropriate Relief, defense counsel indicated he was not contacted until the defendant made unsuccessful attempts a day before the 30 March 2004 hearing. The defendant was given a reasonable time to retain counsel. We hold that defendant's failure to retain counsel over roughly eight months amounts to an obstruction and delay of the proceedings. Defendant both knowingly and voluntarily waived his right to appointed counsel and, through his own acts, forfeited his right to proceed with the counsel of his choice.

## II.

[2] Defendant also argues he was prejudiced by the court reporter misplacing the notes and transcript of the 30 March 2004 revocation hearing. The unavailability of a verbatim transcript does not automatically constitute error. *See Hunt v. Hunt,* 112 N.C. App. 722, 726, 436 S.E.2d 856, 859 (1993). To prevail on such grounds, a party must demonstrate that the missing recorded evidence resulted in prejudice. *In re Clark,* 159 N.C. App. at 80, 582 S.E.2d at 660. General allegations of prejudice are insufficient to show reversible error. *Id.*; *In re Peirce,* 53 N.C. App. 373, 382, 281 S.E.2d 198, 204 (1981) (finding an insufficient showing of prejudice where appellee did not indicate the content of the lost testimony in the record). As to unavailable verbatim transcripts, a party has the means to compile a narration of the evidence through a reconstruction of the testimony given. *In re Clark,* 159 N.C. App. at 80, 582 S.E.2d at 660 (citing *Miller v. Miller,* 92 N.C. App. 351, 354, 374 S.E.2d 467, 469 (1988)); N.C.R. App. P. 9(c)(1). Any dispute regarding the accuracy of a submitted narration of the evidence can be resolved by the trial court setting the record on appeal. *Miller,* 92 N.C. App. at 354, 374 S.E.2d at 469; N.C.R. App. P. 11(c). Overall, a record must have the evidence "necessary for an understanding of all errors assigned." N.C.R. App. P. 9(a)(1)(e); *Napowsa v. Langston,* 95 N.C. App. 14, 19, 381 S.E.2d 882, 885 (1989).

In the case at issue, defendant generally asserted that the missing verbatim transcript was prejudicial but did not support the argument with any specifics within the record. Further, defendant did not submit in the record a narration of the testimony during the hearing on 30 March 2004. As a result, the record lacks any indication of the content of the 30 March 2004 proceeding as it pertained to defendant's waiver of counsel. The defendant failed to show specific prejudice arising from the missing verbatim transcript. Accordingly, we conclude that this assignment of error is without merit.

Affirmed.

Judges HUNTER and McCULLOUGH concur.