BERGER, Judge.
Buncombe County Board of Education and Asheville City Board of Education (collectively "the Boards") appeal from an order granting two motions to set aside bond forfeitures from Accredited Surety and Casualty ("Surety"), by and through Estonia Howerton and Elicia Ward (collectively "Bail Agents"). The Boards argue Surety failed to present sufficient evidence to set aside the bond forfeitures. As the Boards did not properly preserve this issue for appeal, we affirm the trial court's order.
Factual and Procedural Background
Carlos Daniel Perez ("Defendant") was incarcerated in the Buncombe County Jail on or about May 30, 2016, for charges related to 11 CR 059960 and 16 CR 085332. On or about the same day, Surety secured a bond for Defendant in each case, guaranteeing his appearance before the trial court for hearings on June 14 and June 29, 2016. Defendant did not appear for either hearing, and the trial court ordered forfeitures of both bonds. The Bond Forfeiture Notices were sent to Surety on June 15 and July 5, 2016.
On November 1 and 2, 2016, Surety, by and through Bail Agents, made two separate motions with attached exhibits to set aside both bond forfeitures for 11 CR 059960 and 16 CR 085332 based on Defendant's failure to appear, pursuant to the following provisions in Section 15A-544.5:
The defendant has been served with an Order for Arrest for the Failure to Appear on the criminal charge in the case in question as evidenced by a copy of an official court record, including an electronic record.
...
The defendant was incarcerated in a local, state, or federal detention center, jail, or prison located anywhere within the borders of the United States at the time of the failure to appear, and the district attorney for the county in which the charges are pending was notified of the defendant's incarceration while the defendant was still incarcerated and the defendant remains incarcerated for a period of 10 days following the district attorney's receipt of notice, as evidenced by a copy of the written notice served on the district attorney via hand delivery or certified mail and written documentation of date upon which the defendant was released from incarceration, if the defendant was released prior to the time the motion to set aside was filed.
N.C. Gen. Stat. § 15A-544.5(b)(4), (7) (2017).
On November 15, 2016, the Boards filed objections to both motions to set aside the bond forfeitures. The trial court consolidated both motions and objections, and held a hearing on January 18, 2017.
At the hearing, the trial court accepted into evidence exhibits showing Defendant was incarcerated in the Irwin County Detention Center in Georgia during the previous failures to appear in Buncombe County District Court. The exhibits introduced were (1) a "Buncombe County Sheriff's Office Booking Report" dated May 30, 2016 from the Buncombe County Jail; and (2) Defendant's mugshot indicating Defendant was detained in the Irwin County Detention Center as of May 31, 2016. The Booking Report showed an "Active Hold" on Defendant from Immigration Customs and Enforcement ("ICE").
The Bail Agents testified that the Department of Homeland Security identified the Irwin County Detention Center as an ICE detention facility. The Bail Agents further testified that they had spoken with the Irwin County Detention Center and verified that Defendant was incarcerated there at the time of both hearings. All parties stipulated that Defendant was deported.
On February 22, 2017, the trial court entered an order granting Bail Agents' motions to set aside both bond forfeitures. The Boards timely appealed.
Analysis
The Boards argue, for the first time on appeal, that Surety failed to present sufficient evidence at the trial court's hearing to set aside the bond forfeitures. Surety contends the Boards only objected to the basis of deportation as a ground to set aside the bond forfeitures at the trial court hearing and now argue an unrelated issue on appeal before this Court. Surety also argues the Boards did not preserve their argument for appellate review. We agree that the Boards did not properly preserve their argument to warrant review.
"[A] party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(a)(1). "The purpose of the rule is to require a party to call the court's attention to a matter upon which he or she wants a ruling before he or she can assign error to the matter on appeal." State v. Canady , 330 N.C. 398, 401, 410 S.E.2d 875, 878 (1991) (citations omitted).
It is well-settled that "issues and theories of a case not raised below will not be considered on appeal." Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjust. , 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001). "[A] party's failure to properly preserve an issue for appellate review ordinarily justifies the appellate court's refusal to consider the issue on appeal." Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co. Inc. , 362 N.C. 191, 195-96, 657 S.E.2d 361, 364 (2008). "The requirement ... that litigants raise an issue in the trial court before presenting it on appeal goes to the heart of the common law tradition and our adversary system." Id. at 195, 657 S.E.2d at 363 (purgandum[1] ).
In the case sub judice , the trial court entered an order granting the Bail Agents' motions to set aside the bond forfeitures, which referenced the Boards' objection made at the hearing and the evidence presented. The order shows the trial court made the following findings of fact on the evidence presented:
3. The Defendant failed to appear in Buncombe County District Court on June 14, 2016 for 11 CR 59960 and on June 29, 2016 for 16 CR 85332. A notice of bond forfeiture for each charge[ ] was sent to Bail Agent.
4. At the hearing, Bail Agent moved to set aside the bond forfeitures on the grounds that Defendant was in custody at the date and time of his failure to appear.
5. At the hearing, the Bail Agent testified that it executed two bonds on May 30, 2016 on behalf of the Defendant.
6. The Bail Agent, and Estonia Howerton (hereinafter "Ms. Howerton"), the bail agent that executed the bail bond, testified that after the bond was issued, Defendant was not released to her custody. Instead, the Defendant was placed in the custody of Immigration Custody Enforcement ("ICE") federal agency.
7. At the hearing, the Bail Agent submitted evidence of a "Buncombe County Book Report" dated May 30, 2016. The document states "Active Hold".
8. The Bail Agent and Ms. Howerton testified, and produced evidence that on May 31, 2016, Defendant was in custody in York County, South Carolina. Bail Agent and Ms. Howerton testified that he was transferred from North Carolina to South Carolina and then to Irwin County Detention Center in Atlanta, Georgia due to ICE transport.
9. The Bail Agent argued and Ms. Howerton testified that they each called the Detention Center in Irwin County. They reported that they spoke with the jailer who told them that the Defendant was in their custody at the date and time in question. They also stated that the jailer told them that the Defendant has since been deported.
10. The Court finds Bail Agent and Ms. Howerton credible.
In the order, the trial court made the following conclusions of law:
1. This Court has subject matter and personal jurisdiction to enter this Order.
2. General Statute 15A-544.5(b) provides the reasons a bail agent may successfully move to set aside a bond forfeiture.
3. The Court notes that the deportation of a defendant is not identified in N.C. Gen. Stat. § 15A-544.5(b).
4. At the hearing the Board objected to the Bail Agent's Motion on the grounds that Bail Agent was moving to set aside the forfeiture because the Defendant was deported. The Board argued that the Bail Agent is required to exercise due diligence and therefore should have verified the Defendant's immigration status prior to writing the bond. The Board argued that ICE's custody of Defendant and subsequent deportation is not grounds to set aside the forfeiture.
5. The Court finds the Defendant was incarcerated at the time and date of his failure to appear in Buncombe County as he was in the custody of ICE and in a detention facility.
(Emphasis added). From examination of the trial court's order and a narrative of the proceeding, it is clear that the Boards' objection, referenced by the trial court, was unrelated to the argument and issue brought on appeal to this Court.
A narration of the proceeding was provided in the record on appeal, pursuant to Rule 9(c)(1), due to the unavailability of a verbatim transcript. See N.C.R. App. P. 9(c)(1) ("[P]roceedings required by Rule 9(a) to be included in the record on appeal shall be set out in narrative form except where such form might not fairly reflect the true sense of the evidence received ...."). "The unavailability of a verbatim transcript does not automatically constitute error." State v. Quick , 179 N.C. App. 647, 651, 634 S.E.2d 915, 918 (2006). "As to unavailable verbatim transcripts, a party has the means to compile a narration of the evidence through a reconstruction of the testimony given." Id. (citations omitted). "We presume that the proceedings in the trial court are correct until shown otherwise." Lawing v. Lawing , 81 N.C. App. 159, 162, 344 S.E.2d 100, 104 (1986) (citation omitted). "Where the record is silent on a particular point, we presume that the trial court acted correctly. The party asserting error must show from the record not only that the trial court committed error, but that the aggrieved party was prejudiced as a result." Id. (citations omitted).
On July 3, 2017, the trial court entered an order settling the record on appeal, including the transcript narration provided under Rule 9(c)(1). The order corrected several inconsistencies in the narration. While the narration presented primarily summarizes testimony by the Bail Agents, it does not demonstrate or recount any arguments or objections made by the Boards concerning the sufficiency of the evidence presented before the trial court or proper notice to parties. Further, the transcript narration states the Boards did not present any evidence. Thus, the record on appeal demonstrates that the Boards did not preserve their argument for appeal. Accordingly, we affirm the trial court's order.
Conclusion
The Boards did not preserve their argument on appeal at the hearing. Accordingly, we affirm the trial court's order granting the motions to set aside the bond forfeitures.
AFFIRMED.
Report per Rule 30(e).
Judges HUNTER and INMAN concur.

Our shortening of the Latin phrase "Lex purgandum est ." This phrase, which roughly translates "that which is superfluous must be removed from the law," was used by Dr. Martin Luther during the Heidelberg Disputation on April 26, 1518 in which Dr. Luther elaborated on his theology of sovereign grace. Here, we use purgandum to simply mean that there has been the removal of superfluous items, such as quotation marks, ellipses, brackets, citations, and the like, for ease of reading.