IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-725

 Filed: 7 May 2019

Stanly County, Nos. 16CRS1457; 704360

STATE OF NORTH CAROLINA

 v.

JEFFERY MARTAEZ SIMPKINS

 Appeal by defendant from judgments entered on or about 8 June 2017 by Judge

Andrew Taube Heath in Superior Court, Stanly County. Heard in the Court of

Appeals 28 February 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Alexandra M.
 Hightower, for the State.

 Kimberly P. Hoppin, for defendant-appellant.

 STROUD, Judge.

 Defendant appeals his convictions for resisting a public officer and failing to

exhibit/surrender his license. Because the trial court did not properly instruct

defendant on waiver of the right to counsel under North Carolina General Statute §

15A-1242 and because defendant did not forfeit his right to such an instruction, we

conclude defendant must receive a new trial.

 I. Background

 In July of 2016, Officer Trent Middlebrook of the City of Locust was on patrol;

he ran the “tag” of a vehicle and discovered that the owner of the vehicle, defendant,
 STATE V. SIMPKINS

 Opinion of the Court

had a suspended driver’s license and a warrant out for his arrest. Officer Middlebrook

pulled defendant over and asked for his license and registration. Defendant refused

to provide them and was uncooperative and belligerent. Officer Middlebrook arrested

defendant.

 Defendant’s first trial was in district court, and there is no transcript of those

proceedings. From the district court, there is an unsigned and undated waiver of

counsel form with a handwritten note that appears to say, “Refused to respond to to

[(sic)] inquiry by the court and mark as refused at this point[.]” There is also a waiver

of counsel form from 16 August 2016 that also has a handwritten notation,

“Defendant refused to sign waiver of counsel upon request by the Court[.]” Also on

or about 16 August 2016, defendant was convicted in district court of resisting a

public officer and failing to carry a registration card. Defendant appealed his

convictions to superior court.

 In superior court, defendant proceeded pro se. Defendant was tried by a jury

and convicted of resisting a public officer and failing to exhibit/surrender his license.

The trial court entered judgments, and defendant appeals.

 II. Subject Matter Jurisdiction

 Defendant contends “the trial court lacked subject matter jurisdiction to try

[him] in violation of N.C. Gen. Stat. § 20-29 when the citation purporting to charge

him was fatally defective.” (Original in all caps.) But at oral argument before this

 -2-
 STATE V. SIMPKINS

 Opinion of the Court

Court, defendant’s counsel withdrew this argument and conceded that State v. Jones,

___ N.C. App. ___, 805 S.E.2d 701, (2017), aff’d, ___ N.C. ___, 819 S.E.2d 340 (2018),

is the controlling authority on this issue, and defendant cannot prevail. Therefore,

this argument is dismissed.

 III. Waiver or Forfeiture of Counsel

 Defendant argues that “the trial court erred by failing to make a thorough

inquiry of . . . [his] decision to proceed pro se as required by N.C. Gen. Stat. § 15A-

1242.” (Original in all caps.) We review whether the trial court complied with North

Carolina General Statute § 15A-1242 de novo. See State v. Watlington, 216 N.C. App.

388, 393-94, 716 S.E.2d 671, 675 (2011) (“Prior cases addressing waiver of counsel

under N.C. Gen. Stat. § 15A–1242 have not clearly stated a standard of review, but

they do, as a practical matter, review the issue de novo. We will therefore review this

ruling de novo.”) (citations omitted)).

 North Carolina General Statute § 15A-1242 provides,

 A defendant may be permitted at his election to proceed in
 the trial of his case without the assistance of counsel only
 after the trial judge makes thorough inquiry and is
 satisfied that the defendant:
 (1) Has been clearly advised of his right to the
 assistance of counsel, including his right to the assignment
 of counsel when he is so entitled;
 (2) Understands and appreciates the consequences
 of this decision; and
 (3) Comprehends the nature of the charges and
 proceedings and the range of permissible punishments.

 -3-
 STATE V. SIMPKINS

 Opinion of the Court

N.C. Gen. Stat. § 15A-1242 (2015). “The trial court’s inquiry under N.C. Gen. Stat. §

15A–1242 is mandatory and failure to conduct such an inquiry is prejudicial error.”

State v. Sorrow, 213 N.C. App. 571, 573, 713 S.E.2d 180, 182 (2011) (citation and

quotation marks omitted).

 Defendant contends he

 was advised of his right to have counsel and of his right to
 have appointed counsel. However, there is no showing on
 the record that the trial court made the appropriate
 advisements or inquires to determine that . . . [he]
 understood and appreciate the consequences of his decision
 or comprehended “the nature of the charges and
 proceedings and the range of permissible punishments.”

While the trial court did inform defendant he could be subjected to “periods of

incarceration,” the transcript confirms that defendant was not explicitly informed of

“the range of permissible punishments.” N.C. Gen. Stat. § 15A-1242 (Emphasis

added). The State acknowledged at oral argument that without informing defendant

of the “range of permissible punishments[,]” the trial court could not comply with the

mandate of North Carolina General Statute § 15A-1242. Failure to comply with

North Carolina General Statute § 15A-1242, if required, would result in prejudicial

error. Sorrow, 213 N.C. App. 571, 713 S.E.2d 180. But the State contends the trial

court was not required to comply with North Carolina General Statute § 15A-1242

due to defendant’s forfeiture of his right to counsel.

 In oral arguments, both defense counsel and the State relied heavily on State

 -4-
 STATE V. SIMPKINS

 Opinion of the Court

v. Blakeley, as it addresses not only the issue before us regarding waiver and

forfeiture of counsel, but also thoroughly analyzes many prior cases; therefore, we

turn to Blakeley, 245 N.C. App. 452, 782 S.E.2d 88 (2016). Blakeley first notes that

there are two ways a defendant may lose his right to be represented by counsel:

voluntary waiver after being fully advised under North Carolina General Statute §

15A-1242 and forfeiture of the right by serious misconduct. Id. at 459-61, 782 S.E.2d

at 93-94.

 A criminal defendant’s right to representation by
 counsel in serious criminal matters is guaranteed by the
 Sixth Amendment to the United States Constitution and
 Article I, §§ 19, 23 of the North Carolina Constitution. Our
 appellate courts have recognized two circumstances,
 however, under which a defendant may no longer have the
 right to be represented by counsel.
 First, a defendant may voluntarily waive the right
 to be represented by counsel and instead proceed pro se.
 Waiver of the right to counsel and election to proceed pro
 se must be expressed clearly and unequivocally. Once a
 defendant clearly and unequivocally states that he wants
 to proceed pro se, the trial court must determine whether
 the defendant knowingly, intelligently, and voluntarily
 waives the right to in-court representation by counsel. A
 trial court’s inquiry will satisfy this constitutional
 requirement if conducted pursuant to N.C.G.S. § 15A–
 1242. . . .
 ....
 The second circumstance under which a criminal
 defendant may no longer have the right to be represented
 by counsel occurs when a defendant engages in such
 serious misconduct that he forfeits his constitutional right
 to counsel. Although the right to counsel is guaranteed by
 the Sixth and Fourteenth Amendments of the United
 States Constitution and Article I of the North Carolina

 -5-
 STATE V. SIMPKINS

 Opinion of the Court

 Constitution, in some situations a defendant may lose this
 right:
 Although the loss of counsel due to
 defendant’s own actions is often referred to as
 a waiver of the right to counsel, a better term
 to describe this situation is forfeiture. Unlike
 waiver, which requires a knowing and
 intentional relinquishment of a known right,
 forfeiture results in the loss of a right
 regardless of the defendant’s knowledge
 thereof and irrespective of whether the
 defendant intended to relinquish the right. A
 defendant who is abusive toward his attorney
 may forfeit his right to counsel.

Id. (citations, quotation marks, ellipses, and brackets omitted).

 Blakeley then notes a third way a defendant may lose the right to

representation by counsel, a hybrid of waiver and forfeiture:

 Finally, there is a hybrid situation (waiver by
 conduct) that combines elements of waiver
 and forfeiture. Once a defendant has been
 warned that he will lose his attorney if he
 engages in dilatory tactics, any misconduct
 thereafter may be treated as an implied
 request to proceed pro se and, thus, as a
 waiver of the right to counsel. Recognizing the
 difference between forfeiture and waiver by
 conduct is important. First, because of the
 drastic nature of the sanction, forfeiture
 would appear to require extremely dilatory
 conduct. On the other hand, a waiver by
 conduct could be based on conduct less severe
 than that sufficient to warrant a forfeiture.
 This makes sense since a waiver by conduct
 requires that a defendant be warned about
 the consequences of his conduct, including the
 risks of proceeding pro se. A defendant who

 -6-
 STATE V. SIMPKINS

 Opinion of the Court

 engages in dilatory conduct having been
 warned that such conduct will be treated as a
 request to proceed pro se cannot complain
 that a court is forfeiting his right to counsel.

Id. at 464-65, 782 S.E.2d at 96 (quotation marks omitted).

 As to the facts in Blakeley specifically,

 In this case, neither defendant nor the State asserts
 that defendant ever asked to represent himself at trial, and
 our own review of the transcript fails to reveal any evidence
 that defendant indicated, must less clearly and
 unequivocally requested, that he be permitted to proceed
 pro se. The record clearly indicates that when defendant
 signed the waiver of his right to assigned counsel he did so
 with the expectation of being able to privately retain
 counsel. Before the trial court the defendant stated that he
 wanted to employ his own lawyer. There is no evidence that
 defendant ever intended to proceed to trial without the
 assistance of some counsel. We conclude that the present
 case is not governed by appellate cases addressing a trial
 court’s responsibility to ensure that a defendant who
 wishes to represent himself is knowingly, intelligently, and
 voluntarily waiving his right to counsel.
 ....
 In this case, the State argues that defendant
 forfeited his right to counsel, relying primarily upon
 generalized language excerpted from Montgomery stating
 that a forfeiture of counsel results when the state’s interest
 in maintaining an orderly trial schedule and the
 defendant’s negligence, indifference, or possibly purposeful
 delaying tactic, combine to justify a forfeiture of
 defendant’s right to counsel. The State also cites State v.
 Quick, 179 N.C. App. 647, 649–50, 634 S.E.2d 915, 917
 (2006), in which this Court cited Montgomery for the
 proposition that any willful actions on the part of the
 defendant that result in the absence of defense counsel
 constitutes a forfeiture of the right to counsel. Montgomery
 did not, however, include such a broad holding or suggest

 -7-
 STATE V. SIMPKINS

 Opinion of the Court

 that any willful actions resulting in the absence of defense
 counsel are sufficient to constitute a forfeiture. Instead, as
 this Court has observed, forfeiture of the right to counsel
 has usually been restricted to situations involving
 egregious conduct by a defendant[.]

Id. at 460-61, 782 S.E.2d at 93-94 (citations, quotation marks, ellipses, and brackets

omitted).

 Blakeley then provides a thorough review of the types of behavior prior cases

have determined support forfeiture,

 Although the United States Supreme Court
 has never directly addressed forfeiture of the
 right to counsel, the Court’s other holdings
 demonstrate reluctance to uphold forfeiture of
 a criminal defendant’s U.S. Constitutional
 rights, except in egregious circumstances.
 Additionally, the federal and state courts that
 have addressed forfeiture have restricted it to
 instances of severe misconduct.
 There is no bright-line definition of the degree of
 misconduct that would justify forfeiture of a defendant’s
 right to counsel. However, our review of the published
 opinions of our appellate courts indicates that, as discussed
 in Wray, forfeiture has generally been limited to situations
 involving severe misconduct and specifically to cases in
 which the defendant engaged in one or more of the
 following: (1) flagrant or extended delaying tactics, such as
 repeatedly firing a series of attorneys; (2) offensive or
 abusive behavior, such as threatening counsel, cursing,
 spitting, or disrupting proceedings in court; or (3) refusal
 to acknowledge the trial court’s jurisdiction or participate
 in the judicial process, or insistence on nonsensical and
 nonexistent legal rights. The following is a list of published
 cases from North Carolina in which a defendant was held
 to have forfeited the right to counsel, with a brief indication
 of the type of behavior in which the defendant engaged:

 -8-
 STATE V. SIMPKINS

 Opinion of the Court

1. State v. Montgomery, 138 N.C. App. 521, 530
S.E.2d 66 (2000): the defendant fired several
lawyers, was disruptive and used profanity in court,
threw water on his attorney while in court, and was
repeatedly found in criminal contempt.
2. State v. Quick, 179 N.C. App. 647, 634 S.E.2d
915 (2006): the defendant in a probation revocation
case waived court-appointed counsel in order to hire
private counsel, but during an eight month period
did not contact any attorney, instead waiting until
the day before trial.
3. State v. Rogers, 194 N.C. App. 131, 669 S.E.2d
77 (2008), disc. review denied, 363 N.C. 136, 676
S.E.2d 305 (2009): over the course of two years, the
defendant fired several attorneys, made
unreasonable accusations about court personnel,
reported one of his attorneys to the State Bar,
accused another of racism, and was warned by the
court about his behavior.
4. State v. Boyd, 200 N.C. App. 97, 682 S.E.2d
463 (2009), disc. review denied, 691 S.E.2d 414
(2010): during a period of more than a year, the
defendant refused to cooperate with two different
attorneys, repeatedly told one attorney that the case
was not going to be tried, was totally uncooperative
with counsel, demanded that each attorney
withdraw from representation, and obstructed and
delayed the trial proceedings.
5. State v. Leyshon, 211 N.C. App. 511, 710
S.E.2d 282, appeal dismissed, 365 N.C. 338, 717
S.E.2d 566 (2011): for more than a year after
defendant was arraigned, he refused to sign a waiver
of counsel or state whether or not he wanted counsel,
instead arguing that the court did not have
jurisdiction and making an array of legally
nonsensical assertions about the court’s authority.
6. State v. Cureton, 223 N.C. App. 274, 734
S.E.2d 572 (2012): the defendant feigned mental
illness, discharged three different attorneys,
consistently shouted at his attorneys, insulted and

 -9-
 STATE V. SIMPKINS

 Opinion of the Court

 abused his attorneys, and at one point spat on his
 attorney and threatened to kill him.
 7. State v. Mee, 233 N.C. App. 542, 756 S.E.2d
 103 (2014): the defendant appeared before four
 different judges over a period of fourteen months,
 during which time he hired and then fired counsel
 twice, was represented by an assistant public
 defender, refused to state his wishes with respect to
 counsel, advanced unsupported legal theories
 concerning jurisdiction, and refused to participate in
 the trial.
 8. State v. Joiner, ___ N.C. App. ___, 767 S.E.2d
 557 (2014): the defendant gave evasive and often
 bizarre answers to the court’s questions, shouted
 and cursed at the trial court, smeared feces on the
 holding cell wall, had to be gagged during trial,
 threatened courtroom personnel with bodily harm,
 and refused to answer simple questions.
 9. State v. Brown, ___N.C. App. ___, 768 S.E.2d
 896 (2015): like the defendants in Mee and Leyshon,
 this defendant offered only repetitive legal gibberish
 in response to simple questions about
 representation, and refused to recognize the court’s
 jurisdiction.

Id. at 461-63, 782 S.E.2d at 94-95 (quotation marks omitted).

 Blakeley then explains how the defendant’s actions in Blakeley were not as

egregious as those in the cases where forfeiture was found:

 In stark contrast to the defendants discussed above, in this
 case:
 1. Defendant was uniformly polite and cooperative. In
 fact, the trial court found as a mitigating factor that the
 defendant returned to court as directed during the habitual
 felon phase, even after he had been found guilty of the
 underlying offense.
 2. Defendant did not deny the trial court’s jurisdiction,
 disrupt court proceedings, or behave offensively.

 - 10 -
 STATE V. SIMPKINS

 Opinion of the Court

 3. Defendant did not hire and fire multiple attorneys,
 or repeatedly delay the trial. Although the case was three
 years old at the time of trial, the delay from September
 2011 until August 2014 resulted from the State’s failure to
 prosecute, rather than actions by defendant.
 We conclude that defendant's request for a
 continuance in order to hire a different attorney, even if
 motivated by a wish to postpone his trial, was nowhere
 close to the serious misconduct that has previously been
 held to constitute forfeiture of counsel. In reaching this
 decision, we find it very significant that defendant was not
 warned or informed that if he chose to discharge his
 counsel but was unable to hire another attorney, he would
 then be forced to proceed pro se. Nor was defendant warned
 of the consequences of such a decision. We need not decide,
 and express no opinion on, the issue of whether certain
 conduct by a defendant might justify an immediate
 forfeiture of counsel without any preliminary warning to
 the defendant. On the facts of this case, however, we hold
 that defendant was entitled, at a minimum, to be informed
 by the trial court that defendant’s failure to hire new
 counsel might result in defendant's being required to
 represent himself, and to be advised of the consequences of
 self-representation.

Id. at 463-64, 782 S.E.2d at 95 (quotation marks omitted).

 Ultimately, Blakeley determines that based upon the facts the defendant had

not forfeited his right to counsel,

 We find Goldberg’s analysis useful in determining that, on
 the facts of this case, the defendant cannot be said to have
 forfeited his right to counsel in the absence of any warning
 by the trial court both that he might be required to
 represent himself and of the consequences of this decision.
 In reaching this conclusion, we have considered the
 State’s arguments for a contrary result, some of which are
 not consistent with the trial transcript. On appeal, the
 State contends that at the outset of trial the trial court

 - 11 -
 STATE V. SIMPKINS

 Opinion of the Court

found that Defendant had only fired Mr. Cloud so as to
attempt to delay the trial, citing page twenty-seven of the
transcript. In fact, at the start of the trial, the trial court
did not express any opinion on defendant’s motivation for
seeking to continue the case and hire a different attorney.
During the habitual felon phase, after defendant had been
found guilty of the charge, the jury was sufficiently
concerned about defendant’s self-representation to send
the trial court a note asking whether defendant had
refused counsel. It was only at that point that the trial
court expressed its opinion that defendant had hoped to
delay the trial by replacing one attorney with another. The
State also alleges several times in its appellate brief that
the trial court made specific findings about Defendant's
forfeiture of his right to counsel, maintaining that the trial
court specifically found that Defendant's conduct in firing
his lawyer to delay the trial forfeited his right to private
counsel, thus requiring Defendant to proceed pro se and
urging that we should affirm the trial court’s finding that
Defendant discharged his private counsel on the day of the
trial to obstruct and delay his trial and thereby forfeited
his right to counsel. However, as defendant states in his
reply brief, the trial court never found that Mr. Blakeney
forfeited his right to counsel. Indeed, the word forfeit does
not appear in the transcript of the trial proceedings.”
 There is no indication in the record that the trial
court ruled that defendant forfeited the right to counsel by
engaging in serious misconduct. Moreover, defendant was
not warned that he might have to represent himself, and
the trial court did not conduct the inquiry mandated by
N.C. Gen. Stat. § 15A–1242, in order to ensure that
defendant understood the implications of appearing pro se.
In State v. Bullock, 316 N.C. 180, 340 S.E.2d 106 (1986),
our Supreme Court addressed a factual situation similar
both to the present case and to the waiver by conduct
scenario discussed in Goldberg. In Bullock, the defendants’
attorneys moved to withdraw shortly before trial, due to
irreconcilable differences with the defendant. . . .
 ....
 The defendant consented to the

 - 12 -
 STATE V. SIMPKINS

 Opinion of the Court

 withdrawal of his retained counsel because of
 irreconcilable differences but stated that he
 would employ other counsel. On the day of
 the trial, he said that he had been unable to
 get any attorney to take his case because of
 the inadequate preparation time. The trial
 court reminded the defendant that he had
 warned him he would try the case as
 scheduled. The defendant acquiesced to trial
 without counsel because he had no other
 choice. Events here do not show a voluntary
 exercise of the defendant’s free will to proceed
 pro se.
 The Court in Bullock also cited State v. McCrowre, 312 N.C.
 478, 322 S.E.2d 775 (1984), noting that in that case the
 court held that the defendant was entitled to a new trial
 because the record did not show that the defendant
 intended to go to trial without the assistance of counsel and
 because the inquiry required by N.C.G.S. § 15A–1242 was
 not conducted. Bullock appears to be functionally
 indistinguishable from the present case as regards the trial
 court’s obligation to conduct the inquiry required by N.C.
 Gen. Stat. § 15A–1242.
 For the reasons discussed above, we conclude that
 defendant neither voluntarily waived the right to be
 represented by counsel, nor engaged in such serious
 misconduct as to warrant forfeiture of the right to counsel
 without any warning by the trial court. As a result, the trial
 court was required to inform defendant that if he
 discharged his attorney but was unable to hire new
 counsel, he would then be required to represent himself.
 The trial court was further obligated to conduct the inquiry
 mandated by N.C. Gen. Stat. § 15A–1242, in order to
 ensure that defendant understood the consequences of self-
 representation. The trial court’s failure to conduct either of
 these inquiries or discussions with defendant resulted in a
 violation of defendant’s right under the Sixth Amendment
 to be represented by counsel, and requires a new trial.

Id. at 465-68, 782 S.E.2d at 96-98 (citations, quotation marks, ellipses, and brackets

 - 13 -
 STATE V. SIMPKINS

 Opinion of the Court

omitted).

 Turning to the facts before us, defendant did not “clearly and unequivocally”

waive his right to counsel nor did the trial court comply with North Carolina General

Statute § 15A-1224 as it failed to inform defendant of “the nature of the charges and

proceedings and the range of permissible punishments.” N.C. Gen. Stat. § 15A-1242;

Blakely, 245 N.C. App. at 459, 782 S.E.2d at 93. Thus, we consider whether

“defendant engage[ed] in such serious misconduct that he forfeit[ed] his

constitutional right to counsel” or if the “hybrid situation” is applicable where “[a]

defendant who engages in dilatory conduct having been warned that such conduct

will be treated as a request to proceed pro se cannot complain that a court is forfeiting

his right to counsel.” Id. at 460-464, 782 S.E.2d at 93-96.

 Both the State and defendant quote large sections of the discussions had by

defendant and the trial court as evidence of forfeiture or the lack thereof, but as a

whole there is no clear evidence of forfeiture. In summary, defendant raised

arguments that were not legally sound and made unreasonable requests of the Court,

including questioning the jurisdiction of the trial court and stating that he wanted an

appointed attorney -- but not one paid for by the State. Defendant did state he would

like to retain his own counsel, but the State objected unless he could retain the

counsel within 15 minutes because “[h]e’s been advised, I would contend, on at least

 - 14 -
 STATE V. SIMPKINS

 Opinion of the Court

two or three occasions . . . as to his rights to obtain an attorney.”1 Defendant

countered that he was not informed his trial would start that day but merely that he

had “to be here or . . . be arrested.” Thereafter defendant agreed to standby counsel,

and the trial court informed him that at any point he could “step in” as counsel. The

trial court never warned defendant that he was engaging in “dilatory conduct” or that

he may lose his right to counsel based upon “dilatory conduct[.]” Id. at 464-65, 782

S.E.2d at 96. But before the jury was empaneled the trial court announced it was

turning its “attention to the issue of standby counsel” and defendant waived his right

to standby counsel.

 However, defendant was not combative or rude. There is no indication

defendant had ever previously requested the case to be continued, so defendant did

not intentionally delay the process by repeatedly asking for continuances to retain

counsel and then failing to do so. As a whole defendant’s arguments did not appear

to be designed to delay or obstruct but overall reflected his lack of knowledge or

understanding of the legal process. Ultimately, defendant was neither combative nor

cooperative, and both trial court and defendant’s tone express frustration.

 Defendant’s case, like Blakeley, is inapposite from Montgomery, Quick, Rogers,

Boyd, Cureton, Mee, and Joiner, as defendant here had not fired or refused to

cooperate with multiple lawyers, was not disruptive, did not use profanity or throw

1 The State was apparently referring to defendant’s proceedings in district court, since there is no prior
indication of advisement in superior court.

 - 15 -
 STATE V. SIMPKINS

 Opinion of the Court

objects, and did not explicitly waive counsel but then fail to hire his own attorney

over the course of several months. See id. at 462-63, 782 S.E.2d at 94-95. Even the

cases with more factual similarities ultimately diverge from this case. See id. In both

Brown and Leyshon, the defendants were found to have “obstructed and delayed the

trial proceedings” because they had at least three hearings to discuss the matter; here

it appears this was defendant’s only appearance before the trial court. See State v.

Brown, 239 N.C. App. 510, 519, 768 S.E.2d 896, 901 (2015); State v. Leyshon, 211 N.C.

App. 511, 518-19, 710 S.E.2d 282, 288-89 (2011).

 This case also diverges from Blakeley, as in that case a specifically enumerated

ground for not finding forfeiture was because the defendant did not challenge the

jurisdiction of the court. Blakeley, 245 N.C. App. at 463, 782 S.E.2d at 95. Here,

defendant repeatedly denied the trial court’s jurisdiction and insisted on an attorney

that was provided for him but was not paid for by the State, an unavailable option.

Further, Blakeley, ultimately relied on two cases which are also distinguishable: In

State v. Bullock and State v. McCrowre, the defendants had the clear intent to hire

private counsel. See Blakeley, 245 N.C. App. at 467-68, 782 S.E.2d at 97-98; State v.

Bullock, 316 N.C. 180, 185, 340 S.E.2d 106, 108-109 (1986); State v. McCrowre, 312

N.C. 478, 480, 322 S.E.2d 775, 776-77 (1984).

 Ultimately, after considering all of the factors noted in the cases discussed

above, we conclude that the reasoning in Blakeley applies:

 - 16 -
 STATE V. SIMPKINS

 Opinion of the Court

 defendant neither voluntarily waived the right to be
 represented by counsel, nor engaged in such serious
 misconduct as to warrant forfeiture of the right to counsel
 without any warning by the trial court. As a result, the trial
 court was required to inform defendant that if he
 discharged his attorney but was unable to hire new
 counsel, he would then be required to represent himself.
 The trial court was further obligated to conduct the inquiry
 mandated by N.C. Gen. Stat. § 15A–1242, in order to
 ensure that defendant understood the consequences of self-
 representation. The trial court’s failure to conduct either of
 these inquiries or discussions with defendant resulted in a
 violation of defendant’s right under the Sixth Amendment
 to be represented by counsel, and requires a new trial.

Id. at 468, 782 S.E.2d at 98. Because defendant did not “voluntarily waive the right

to be represented by counsel” or “engage[] in such serious misconduct as to warrant

forfeiture of the right to counsel” the trial court was required to comply with the

mandate of North Carolina General Statute § 15A-1242. Id. Further, without any

finding of dilatory conduct or warning that he may waive his right by dilatory tactics,

the hybrid situation cannot apply here. Id. at 464-65, 782 S.E.2d at 96 (“This makes

sense since a waiver by conduct requires that a defendant be warned about the

consequences of his conduct, including the risks of proceeding pro se.” (emphasis

added)). As the trial court failed to properly advise defendant of his right to counsel,

defendant must receive a new trial. See id. at 468, 782 S.E.2d at 98.

 IV. Conclusion

 Because defendant did not waive his right to counsel after proper advisement

under North Carolina General Statute § 15A-1242; did not forfeit his right by serious

 - 17 -
 STATE V. SIMPKINS

 Opinion of the Court

misconduct; and did not engage in dilatory tactics after having been warned of the

consequences; he did not forfeit his right to counsel, so defendant must receive a new

trial.

 NEW TRIAL.

 Judge COLLINS concurs.

 Judge TYSON concurs in part and dissents in part.

 - 18 -
 No. COA18-725 – State v. Simpkins

 TYSON, Judge, concurring in part and dissenting in part.

 I. Background

 City of Locust Police Officer Trent Middlebrook was patrolling during July of

2016. He came upon and verified the validity of the registration of a vehicle. Officer

Middlebrook was informed the owner of the vehicle, Defendant herein, Jeffrey

Martaez Leroy Simpkins’ driver’s license was suspended, and an outstanding

warrant for his arrest was issued and pending. Officer Middlebrook stopped the

vehicle and asked Defendant to present his driver’s license and registration.

Defendant refused to provide either of them and was uncooperative and belligerent.

Officer Middlebrook placed Defendant under arrest.

 Defendant initially appeared and was tried in district court. He refused to

enter a plea, and the trial court noted in the record that it entered a plea of not guilty

on his behalf. He also twice refused to sign a waiver of counsel, after being advised

of his rights as set out in North Carolina General Statutes § 15A-1242. Included in

the record on appeal is an unsigned and undated waiver of counsel form with a

handwritten note that states, “Refused to respond to to [sic] inquiry by the court and

mark as refused at this point[.]”

 There is another waiver of counsel form in the record, dated 16 August 2016

and signed by the presiding judge, which shows Defendant being advised of his rights

as set out in North Carolina General Statutes § 15A-1242, and also contains a

handwritten notation, “Defendant refused to sign waiver of counsel upon request by
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

the Court[.]” On 16 August 2016, Defendant was tried and convicted in district court

of resisting a public officer and failing to carry a registration card. The district court’s

judgments also expressly note that Defendant had waived counsel. Defendant

appealed his convictions to superior court.

 In superior court, Defendant did not assert he was indigent, but requested

appointment of counsel, “not paid for by the State of North Carolina.” No affidavit of

indigency appears in the record. He also refused to enter a plea or to sign a waiver

of counsel. After an extensive colloquy with the trial court, a plea of not guilty was

entered on his behalf and the court appointed standby counsel. Defendant’s “Living

man” pro se motion to dismiss asserting lack of jurisdiction was heard and denied by

written order dated 7 June 2017. Defendant eventually elected in open court to

dismiss and to waive his appointed standby counsel, and to proceed pro se. Defendant

was tried by a jury and convicted of resisting a public officer and of failing to

exhibit/surrender his license. The trial court entered judgments on the verdicts. The

judgments again expressly note that Defendant had waived counsel. Defendant

appeals.

 II. Subject Matter Jurisdiction

 I concur to dismiss Defendant’s challenge to subject matter jurisdiction.

Defendant’s counsel conceded that State v. Jones, ___ N.C. App. ___, 805 S.E.2d 701

 2
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

(2017), aff’d, 371 N.C. 548, 819 S.E.2d 340 (2018), is the controlling authority on this

issue and withdrew this argument.

 III. Issue

 Defendant argues that “the trial court erred by failing to make a thorough

inquiry of . . . [his] decision to proceed pro se as required by N.C. Gen. Stat. § 15A-

1242.”

 IV. Standard of Review

 Whether the trial court complied with North Carolina General Statutes § 15A-

1242 is reviewed de novo. See State v. Watlington, 216 N.C. App. 388, 393-94, 716

S.E.2d 671, 675 (2011) (“Prior cases addressing waiver of counsel under N.C. Gen.

Stat. § 15A–1242 have not clearly stated a standard of review, but they do, as a

practical matter, review the issue de novo. We will therefore review this ruling de

novo.”) (citations omitted)). Whether Defendant was entitled to or forfeited counsel

is also reviewed de novo. See State v. Poole, 305 N.C. 308, 318, 289 S.E.2d 335, 341-

42 (1982); State v. Blakeney, 245 N.C. App. 452, 459, 782 S.E.2d 88, 93 (2016).

 V. Waiver or Forfeiture of Counsel

 The State acknowledged at oral argument Defendant was not informed in the

superior court of the “range of permissible punishments[,]” and Defendant had not

waived counsel under North Carolina General Statutes § 15A-1242.

 North Carolina General Statutes § 15A-1242 provides,

 3
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

 A defendant may be permitted at his election to proceed in
 the trial of his case without the assistance of counsel only
 after the trial judge makes thorough inquiry and is
 satisfied that the defendant:

 (1) Has been clearly advised of his right to the
 assistance of counsel, including his right to the assignment
 of counsel when he is so entitled;

 (2) Understands and appreciates the consequences
 of this decision; and

 (3) Comprehends the nature of the charges and
 proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (2017).

 Defendant concedes he

 was advised of his right to have counsel and of his right to
 have appointed counsel. However, there is no showing on
 the record that the trial court made the appropriate
 advisements or inquires to determine that [he] understood
 and appreciated the consequences of his decision or
 comprehended the nature of the charges and proceedings
 and the range of permissible punishments.

 While the trial court did inform Defendant he could be subjected to “periods of

incarceration” if convicted, the transcript confirms Defendant was not explicitly

informed of “the range of permissible punishments.” N.C. Gen. Stat. § 15A-1242. In

State v. Sorrow, this Court previously held: “The trial court’s inquiry under N.C. Gen.

Stat. § 15A–1242 is mandatory and failure to conduct such an inquiry is prejudicial

error.” State v. Sorrow, 213 N.C. App. 571, 573, 713 S.E.2d 180, 182 (2011) (citation

and quotation marks omitted).

 4
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

 The State argues a per se new trial is not required, as Defendant forfeited

counsel and cannot show any prejudice, given his history of belligerent and

recalcitrant behaviors, and his non-acceptance and continued denial of and challenge

to the trial court’s jurisdiction over him. Defendant persisted in his jurisdictional

challenges, even after his filed motion to dismiss on jurisdiction was formally denied

by written order with findings of fact and conclusions of law, as Defendant had

requested. Defendant has not appealed the entered order denying his motion to

dismiss, and any arguments concerning the trial court’s jurisdiction are conceded and

wholly without merit.

 The State argues Defendant forfeited his right to counsel and asserts the trial

court was not required to comply with North Carolina General Statutes § 15A-1242.

Both parties’ arguments cite and rely upon State v. Blakeney, 245 N.C. App. 452, 782

S.E.2d 88 (2016). Blakeney discusses two means by which a defendant may lose his

right to be represented by counsel: (1) voluntary waiver after being fully advised

under North Carolina General Statutes § 15A-1242; and, (2) forfeiture of the right by

serious misconduct. Id. at 459-61, 782 S.E.2d at 93-94.

 First, a defendant may voluntarily waive the right
 to be represented by counsel and instead proceed pro se.
 Waiver of the right to counsel and election to proceed pro
 se must be expressed clearly and unequivocally. Once a
 defendant clearly and unequivocally states that he wants
 to proceed pro se, the trial court must determine whether
 the defendant knowingly, intelligently, and voluntarily
 waives the right to in-court representation by counsel. A

 5
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

 trial court’s inquiry will satisfy this constitutional
 requirement if conducted pursuant to N.C.G.S. § 15A-1242.
 ...

 ....

 The second circumstance under which a criminal
 defendant may no longer have the right to be represented
 by counsel occurs when a defendant engages in such
 serious misconduct that he forfeits his constitutional right
 to counsel. Although the right to counsel is guaranteed by
 the Sixth and Fourteenth Amendments of the United
 States Constitution and Article I of the North Carolina
 Constitution, in some situations a defendant may lose this
 right:

 Although the loss of counsel due to
 defendant’s own actions is often referred to as
 a waiver of the right to counsel, a better term
 to describe this situation is forfeiture. Unlike
 waiver, which requires a knowing and
 intentional relinquishment of a known right,
 forfeiture results in the loss of a right
 regardless of the defendant’s knowledge
 thereof and irrespective of whether the
 defendant intended to relinquish the right. A
 defendant who is abusive toward his attorney
 may forfeit his right to counsel.

Id. (internal citations and quotation marks omitted).

 The Court in Blakeney also describes a third manner, a mixture of waiver and

forfeiture, in which a defendant may lose the right to counsel:

 Finally, there is a hybrid situation (waiver by
 conduct) that combines elements of waiver and
 forfeiture. Once a defendant has been warned that
 he will lose his attorney if he engages in dilatory
 tactics, any misconduct thereafter may be treated as

 6
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

 an implied request to proceed pro se and, thus, as a
 waiver of the right to counsel. Recognizing the
 difference between forfeiture and waiver by conduct
 is important. First, because of the drastic nature of
 the sanction, forfeiture would appear to require
 extremely dilatory conduct. On the other hand, a
 waiver by conduct could be based on conduct less
 severe than that sufficient to warrant a forfeiture.
 This makes sense since a waiver by conduct requires
 that a defendant be warned about the consequences
 of his conduct, including the risks of proceeding pro
 se. A defendant who engages in dilatory conduct
 having been warned that such conduct will be treated
 as a request to proceed pro se cannot complain that a
 court is forfeiting his right to counsel.

Id. at 464-65, 782 S.E.2d at 96 (emphasis supplied) (quotation marks omitted).

 This Court in Blakeney stated:

 In this case, the State argues that defendant
 forfeited his right to counsel, relying primarily upon
 generalized language excerpted from Montgomery stating
 that a forfeiture of counsel results when the state’s interest
 in maintaining an orderly trial schedule and the
 defendant’s negligence, indifference, or possibly purposeful
 delaying tactic, combine to justify a forfeiture of defendant’s
 right to counsel. The State also cites State v. Quick, 179
 N.C. App. 647, 649-50, 634 S.E.2d 915, 917 (2006), in which
 this Court cited Montgomery for the proposition that any
 willful actions on the part of the defendant that result in the
 absence of defense counsel constitutes a forfeiture of the
 right to counsel. Montgomery did not, however, include
 such a broad holding or suggest that any willful actions
 resulting in the absence of defense counsel are sufficient to
 constitute a forfeiture. Instead, as this Court has observed,
 forfeiture of the right to counsel has usually been restricted
 to situations involving egregious conduct by a defendant[.]

Id. at 461, 782 S.E.2d at 94 (emphasis supplied) (internal citations marks omitted).

 7
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

 This Court in Blakeney reviewed behavior in prior cases to support forfeiture.

 Although the United States Supreme Court
 has never directly addressed forfeiture of the
 right to counsel, the Court’s other holdings
 demonstrate reluctance to uphold forfeiture of
 a criminal defendant’s U.S. Constitutional
 rights, except in egregious circumstances.
 Additionally, the federal and state courts that
 have addressed forfeiture have restricted it to
 instances of severe misconduct.

 There is no bright-line definition of the degree of
 misconduct that would justify forfeiture of a defendant’s
 right to counsel. However, our review of the published
 opinions of our appellate courts indicates that, as discussed
 in Wray, forfeiture has generally been limited to situations
 involving severe misconduct and specifically to cases in
 which the defendant engaged in one or more of the
 following: (1) flagrant or extended delaying tactics, such as
 repeatedly firing a series of attorneys; (2) offensive or
 abusive behavior, such as threatening counsel, cursing,
 spitting, or disrupting proceedings in court; or (3) refusal to
 acknowledge the trial court’s jurisdiction or participate in
 the judicial process, or insistence on nonsensical and
 nonexistent legal rights.

Id. at 461-62, 782 S.E.2d at 94 (emphasis supplied) (quotation marks omitted).

 The majority’s opinion includes brief descriptions of the nine prior decisions

cited in Blakeney, wherein this Court found the defendants had forfeited their right

to counsel. Whether a “defendant engage[d] in such serious misconduct that he

forfeit[ed] his constitutional right to counsel,” or if the “hybrid situation” is applicable

where “[a] defendant who engages in dilatory conduct having been warned that such

 8
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

conduct will be treated as a request to proceed pro se cannot complain that a court is

forfeiting his right to counsel.” Id. at 460, 465, 782 S.E.2d at 93-94, 96.

 In their briefs, both the State and Defendant quote large sections of the

discussions had by Defendant and the trial court as evidence of forfeiture or the lack

thereof. Overall, the transcript supports a finding and conclusion that Defendant

forfeited his right to counsel. From the start of the proceedings, Defendant repeatedly

questioned the jurisdiction of the trial court:

 [Defendant]: Objection, sir. I did not enter any pleas. Do I
 need to stand?

 THE COURT: What is the basis of your objection?

 [Defendant]: There is no proof of jurisdiction here. There
 hasn’t been since last year. I’ve been coming here over a
 year, and there’s no evidence of anything besides the
 allegation.

 THE COURT: Well, sir, evidence is put on at the trial. So
 there is no evidence at this point.

 [Defendant]: So how can you force someone here without
 evidence, sir?

 THE COURT: You’ve been charged with a crime. And this
 is your day in court, your opportunity to be heard.

 The trial court and Defendant engaged in detailed discussions concerning

Defendant’s representation:

 [The Court]: Mr. Simpkins, I see that in the Court’s file
 there are waiver of counsel forms with notations that you
 refused to respond when you were notified of your right to

 9
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

 an attorney, and so you were marked down as having
 waived an attorney. You are charged with violations that
 could subject you to periods of incarceration. And so I
 would like to advise you that it is your right to have an
 attorney and if you cannot afford an attorney, the State can
 provide one for you. If you would like to apply for court-
 appointed counsel, we’ll have you fill out an affidavit. If you
 wish to retain your own, you certainly have that opportunity
 as well. How would you like to proceed with respect to an
 attorney?

 [Defendant]: May I proceed with counsel that’s not paid for
 by the plaintiff?

 [The Court]: There’s no plaintiff in this case. Would you
 like to hire your own attorney or would you like the State
 to provide an attorney for you if you qualify for one?

 [Defendant]: How is there no plaintiff, sir?

 [The Court]: Sir, this is the second time that I’m going to
 remind you that it is not your opportunity to ask questions
 of the Court. The Court asks you questions. The question
 before you right now is: Would you like to apply for a court-
 appointed attorney, or would you like to retain your own
 attorney or would you like to waive your right to an
 attorney?

 [Defendant]: I would like counsel that’s not paid for by the
 State of North Carolina.

 [The Court]: Okay. So you would like an opportunity to
 retain your own attorney?

 [Defendant]: That’s not paid for by the State of North
 Carolina, yes.

(Emphasis supplied).

 10
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

 When asked for its response, the State objected unless Defendant could retain

the counsel within fifteen minutes because “[h]e’s been advised, I would contend, on

at least two or three occasions . . . as to his rights to obtain an attorney.”

 The colloquy continued, and Defendant was appointed standby counsel:

 [The Court]: Mr. Simpkins, according to the court file, you
 were advised of your right to an attorney on August 16th of
 2016.

 [Defendant]: I asked for standby counsel then, sir.

 [The Court]: Would you like to be appointed standby
 counsel today?

 [Defendant]: Yes. Sure.

 [The Court]: All right.

 Defendant never asserted he was indigent or was unable to afford to retain

counsel. The record before us does not contain Defendant’s affidavit of indigency to

qualify for appointed counsel. Defendant’s right to be appointed counsel was

dependent upon a claim, an affidavit, and a finding of him being indigent. State v.

Cradle, 281 N.C. 198, 204, 188 S.E.2d 296, 300 (1972).

 Defendant continued to question the trial court’s jurisdiction prior to and after

jury selection:

 THE COURT: Any questions before we proceed?

 [Defendant]: Can the Court proceed without evidence of
 jurisdiction?

 11
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

 THE COURT: Sir, evidence will be presented during the
 case in chief after a jury is selected. Any other questions?

 [Defendant]: If -- no.

 ...

 [Defendant]: Can I see the evidence of jurisdiction then?

 THE COURT: Sir, you -- you are the defendant in a
 criminal proceeding.

 Following the trial court’s address to the prospective jurors, the jurors left the

courtroom and a bench conference was held between the trial court, Defendant,

Defendant’s standby counsel, and the prosecutor, concerning a possible plea:

 THE COURT: What I heard at the bench was the mention
 of a potential plea. So, Mr. Simpkins, is it your wish to
 enter a plea in this matter?

 [Defendant]: I’ve been trying to enter a plea. I just wanted
 the evidence of jurisdiction.

 The plea negotiations were ultimately unsuccessful. The trial court advised

Defendant on his right to proceed with or to waive his standby counsel, which

Defendant decided to waive and to proceed pro se. Defendant conducted jury selection

on his own.

 After bringing the trial court’s attention to a previously filed motion to dismiss,

and hearing the trial court’s ruling on the motion, Defendant again argued with the

trial court concerning its jurisdiction:

 12
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

THE COURT: All right. Would you like to be heard on the
motion?

[Defendant]: No. The motion speaks for itself, sir.

THE COURT: All right. The motion to dismiss is denied.
Thank you.

[Defendant]: On what grounds, sir?

THE COURT: Well, to the extent that the motion is a
motion to dismiss for lack of jurisdiction, I find and
conclude that this Court has jurisdiction --

[Defendant]: May I have a copy of that, sir?

THE COURT: A copy of what?

[Defendant]: The jurisdiction.

THE COURT: Jurisdiction is not reduced to writing or a
document that I can hand you. Thank you.

[Defendant]: So it’s territorial?

THE COURT: Sir, I’ve ruled on the motion. Thank you.

[Defendant]: I don’t get to speak at all, sir?

THE COURT: You were just heard on the motion. I issued
my ruling. I issued my findings and conclusion. And that is
all for that matter. Thank you, sir.

[Defendant]: Okay. Do I have a right to a fair and
meaningful hearing if there’s conflict of interest?

THE COURT: I’m sorry?

[Defendant]: Do I have the right to a fair and meaningful
hearing if there’s a conflict of interest?

 13
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

 THE COURT: You have a right to a fair and impartial
 hearing of your case, which is what we’re doing right now.
 Okay.

 [Defendant]: So --

 THE COURT: Please bring in the jury.

 [Defendant]: Sir? And what is the jurisdiction?

 THE COURT: This is not an appropriate time to be asking
 questions. The jurisdiction of the superior court of the State
 of North Carolina.

 [Defendant]: Does jurisdiction have to be submitted before
 the proceedings proceed?

 THE COURT: Please have a seat, sir.

 Defendant repeatedly: (1) contested jurisdiction; (2) refused to enter pleas, sign

waivers, or complete an affidavit of indigency to qualify for appointed counsel; (3)

failed to retain his own counsel in the ten months between his district court and

superior court trials; (4) filed motions and raised arguments that were not legally

sound; and, (5) made unreasonable requests of the Court. Defendant repeatedly

questioned the jurisdiction of the trial court and stated that he wanted an appointed

attorney but “not one paid for by the State of North Carolina,” something clearly not

within the trial court’s power.

 This appearance and trial took place over three days. Defendant argued he

was not informed his trial would start that day, but asserted he had “to be here or . .

 14
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

. be arrested.” Defendant requested and was appointed standby counsel. The trial

court informed Defendant that at any point standby counsel could “step in” as

counsel.

 The trial court warned Defendant that he was engaging in “dilatory conduct”

by arguing and continuing to question the jurisdiction of the court. Blakeney, 245 N.C.

App. at 464-65, 782 S.E.2d at 96. Before the jury was empaneled, Defendant initially

indicated he intended to enter a plea, though negotiations failed. The trial court

announced it was turning its “attention to the issue of standby counsel,” and

Defendant waived his right to standby counsel.

 Defendant sought to delay the process by repeatedly arguing and asking for

rulings on jurisdiction, offering and withdrawing guilty pleas, requesting and

dismissing standby counsel, and seeking to retain counsel after a ten-month delay

between trials and then failing to do so. Defendant never asserted he was indigent

and eligible for appointed counsel, nor filed an affidavit of indigency. Viewing the

record as a whole, from arrest through district and superior court, Defendant’s

conduct, tactics, and arguments were designed to deny the legitimacy and jurisdiction

of the courts and to delay or obstruct its proceedings. Defendant’s prior record reflects

extensive contact with the legal system in multiple states and reflects his general

attitude that the law does not apply to him and he is above it.

 Defendant, like the defendants in the cases of Montgomery, Quick, Rogers,

 15
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

Boyd, Cureton, Mee, and Joiner, refused to cooperate, was disruptive and

argumentative, explicitly waived counsel twice in district court, failed to hire his own

attorney over the course of several months between his district court convictions in

August and his scheduled trial in superior court the following June. See id. at 462-

63, 782 S.E.2d at 94-95.

 In cases with more factual similarities, Brown and Leyshon, the defendants

were found to have “obstructed and delayed the trial proceedings” because they had

at least three hearings to discuss the matters. The defendants’ appearances, motions,

and trials in superior court occurred over multiple days. See State v. Brown, 239 N.C.

App. 510, 519, 768 S.E.2d 896, 901 (2015); State v. Leyshon, 211 N.C. App. 511, 518-

19, 710 S.E.2d 282, 288-89 (2011).

 The facts before us also diverge from Blakeney, as that Court specifically

enumerated a ground for not finding forfeiture because the defendant did not

challenge or deny the jurisdiction of the court. Blakeley, 245 N.C. App. at 463, 782

S.E.2d at 95. Here, Defendant repeatedly denied the trial court’s jurisdiction, argued

frivolous motions and grounds as a “Living man” and sovereign citizen, refused to

accept the trial court rulings, and insisted an attorney be provided for him, but not

one “paid for by the State of North Carolina,” an unavailable option. In State v.

Bullock and State v. McCrowre, the defendants had the clear intent and opportunity

to hire private counsel prior to trial. See Blakeley, 245 N.C. App. at 467-68, 782 S.E.2d

 16
 STATE V. SIMPKINS

 TYSON, J., concurring in part and dissenting in part

at 97-98; State v. Bullock, 316 N.C. 180, 185, 340 S.E.2d 106, 108-109 (1986); State v.

McCrowre, 312 N.C. 478, 480, 322 S.E.2d 775, 776-77 (1984).

 Looking at the totality of Defendant’s statements, conduct, actions, demeanor,

and knowledge from prior multiple arrests through trials in both trial court divisions,

Defendant knowingly forfeited his right to counsel, dismissed standby counsel, and

elected to proceed pro se. Defendant also has made no showing nor argued that he

was indigent and could not afford, or was unable, to retain counsel during the ten

months pendency of his appeal from district court. His arguments are without merit.

 VI. Conclusion

 Defendant concedes and withdraws his argument on appeal challenging

jurisdiction. The State concedes Defendant did not waive his right to counsel under

North Carolina General Statutes § 15A-1242. Defendant’s overall demeanor and

conduct, from arrest through trial in superior court, supports a finding and conclusion

that he dismissed standby counsel and forfeited his right to counsel by frivolous and

repeated objections to jurisdiction, serious misconduct, and dilatory tactics, all after

being warned of the consequences of his behavior.

 Defendant received a fair trial, free of prejudicial errors he preserved or

argued. I find no error in Defendant’s jury convictions or in the judgments entered

thereon. I respectfully dissent.

 17
 STATE V. SIMPKINS

TYSON, J., concurring in part and dissenting in part

 18